KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.—
July, 1884.

### LOUNSBERY v. PARSON.

*In the matter of the judicial settlement of the account of the executors of the will of* JAMES H. LOUNS- BERY, *deceased.*

Testator, by his will, directed his executors to complete the building of his house, if unfinished at the time of his death, at an expense not exceed- ing $50,000 in the aggregate; and, if the same should not be furnished at that time, to pay to his wife as desired "not exceeding $15,000, as an additional specific legacy, to enable her to furnish the same." He then devised the house to his wife, and her heirs and assigns forever. The devisee sold the house unfurnished, and received from the executors $15,000, as an absolute legacy. Upon objection to such payment,— *Held,* that the purpose mentioned in the legatory clause was not of the substance of the gift, which was an unconditional one; and that the payment by the executors was proper.

CONSTRUCTION of decedent's will upon the judicial settlement of the account of Anna R. Parson, and others, executrix and executors thereof. Objections were filed by Lucretia H. Lounsbery and others, legatees. The facts are stated in the opinion.

SCUDDER & CARTER, *for executors.*

D. G. WILD, *for Lucretia H. Lounsbery and others, legatees.*

LAWRENCE KNEELAND, *for adm'x of estate of H. F. Lounsbery, de- ceased.*

H. INGRAHAM, *special guardian.*

THE SURROGATE.—The following question relating to a legacy contained in the last will and testament of James H. Lounsbery, deceased, has been submitted

to me for my decision :   The fifth clause of the testator's will provides as follows :  " If the house I am erecting on Clinton Avenue in said Brooklyn shall be unfinished at my death, I order and direct my trustees to finish the building thereof in accordance with the plans and specifications now made thereof, and to expend for that purpose not exceeding the sum of fifty thousand dollars, including the amount previously expended thereon.   If the same is not furnished at my death, they shall pay to my said wife, at such time or times as she desires, not exceeding fifteen thousand dollars as an additional specific legacy to enable her to furnish the same."

He then gives the house to his widow, Anna R. Lounsbery, since married to Parson, and her heirs and assigns forever.

After testator's death, the house was completed and sold by the devisee unfurnished, and the executors paid to the widow the sum of $15,000, as provided by the fifth clause of the will, contending that the legacy so bequeathed was an absolute and unconditional one. The last phrase of said clause, namely, " to enable her to furnish the same," some of the legatees contend, makes the legacy a conditional one, *i. e.*, for the furnishing of the house.

To that proposition I cannot accede, for it appears to me that the testator intended to make an absolute gift of a sum not to exceed $15,000, to his widow, which she might apply to furnishing the house or to any other purposes she desired.   The expression is not equivalent to " if," or " provided," or " upon the understanding that the money be used in

furnishing the house." It was simply, as the testator says, an additional specific legacy to enable her to furnish the same.

In the case of the Five Points House of Industry v. Amerman (11 *Hun*, 161), the testator gave $500 to plaintiff, to be applied to the uses of the farm in Westchester county. Judge BRADY, in writing the opinion of the General Term, says: " The language employed is—to be applied to the uses of the farm in Westchester county. The testator gave the sum, but annexed a wish or direction that it should be applied in a particular manner. There is nothing in the language adopted indicative of an intention to make a condition. The legacy is not on condition, or provided, or upon the understanding, but absolute as a gift, with a direction or wish annexed to or coupled with it."

2 Lomax on Executors, 141, says: " If a legacy be given to a person for a particular purpose, that purpose will not operate as a condition to the bequest, and though it become impossible to appropriate it to that purpose without any fault of the legatee, he will nevertheless be entitled to the legacy. It rests on the principle that, the fund being appropriated to the benefit of the legatee, the mode in which it shall be applied is but a secondary object and does not enter into the substance of the gift, and the absolute interest vests in the legatee. See, also, 1 Roper on Legacies, 645, and 2 Williams on Executors, 1293.

In Knox v. Lord Hotham (15 *Simons*, 82), it was held that the bequest to a daughter " towards purchasing a country residence " was an absolute gift.

In Skinner's Trust (1 *Johnson & Hemmings*, 102), where the testator gave his manuscripts and £1,000 towards printing them to his grandson, to assist him when he went to college, the grandson was held entitled to elect to take the £1,000, it appearing to be impossible to publish the book at a profit. See, also, Barton v. Cooke (5 *Vesey*, 461); Lewes v. Lewes (16 *Simons*, 266).

In the case at bar, the testator by his will directed that, in case of his death before the completion of his house, his trustees should finish the building thereof, and, in case the same was not furnished, his trustees should pay the above legacy to his wife to enable her to furnish the same.

I think that the testator intended that the house should be completed at an expense not to exceed the sum stated, and that the trustees should pay to testator's wife the sum of $15,000, to furnish the same. He in no way restricted her from selling both house and furniture whenever she chose.

In order to make the legacy conditional the intention must be clearly expressed, and before it will be inferred that the testator intended to make such an unreasonable condition as that his wife should expend a legacy in buying furniture which she would have the power to sell immediately afterwards, such intention must be expressed in clear and unequivocal language. I am, therefore, led to the conclusion that the direction contained in said bequest was not a condition which would defeat the gift.